## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19 B 00965 |
| JOHN MARCH | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

### NOTICE OF MOTION

To:  David M Siegel, Esq., Attorney for Debtor, David M. Siegel & Associates,
790 Chaddick Drive, Wheeling, IL 60090 **- *by electronic notice through ECF***
John March, 364 Minuet Circle, Volo, IL 60073
Glenn B Stearns, Chapter 13 Trustee, 801 Warrenville Road, Suite 650,
Lisle, IL 60532 **- *by electronic notice through ECF***

**PLEASE TAKE NOTICE** that on **September 20, 2019** at **9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge A. Benjamin Goldgar at Park City Branch Court, Courtroom B, 301 Greenleaf Avenue, Park City, IL, 60085 or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there move this court pursuant to the attached Motion for Relief from the Automatic Stay, at which time and place you may appear.  A copy of said Motion is attached hereto and herewith served upon you.

SYMPHONY MEADOWS HOMEOWNERS
ASSOCIATION

/s/ Ronald J. Kapustka
By:  Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CSYM001-61124)

NOTE:  Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CSYM001\61124\4045938.v1-9/3/19

## CERTIFICATE OF SERVICE

The undersigned, and attorney, hereby certifies that I have caused a copy of the foregoing Notice and Motion for Relief from the Automatic Stay to be served upon the parties listed below, as to the Trustee and the Debtor's attorney via electronic notice on September 3, 2019 and as to the Debtor by causing same to be mailed in a property addressed envelope, postage pre-paid, before the hour of 5:00 pm on September 3, 2019 from 175 N. Archer Avenue, Mundelein, IL 60060.

David M Siegel, Esq., Attorney for Debtor, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090 *- by electronic notice through ECF*

John March, 364 Minuet Circle, Volo, IL 60073

Glenn B Stearns, Chapter 13 Trustee, 801 Warrenville Road, Suite 650, Lisle, IL 60532 *- by electronic notice through ECF*

/s/ Ronald Kapustka
Attorney for Movant

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CSYM001-61124)

 NOTE:   Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt
         collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CSYM001\61124\4045938.v1-9/3/19

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | Case No. 19 B 00965 |
| JOHN MARCH | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | Judge A. Benjamin Goldgar |

**MOTION OF SYMPHONY MEADOWS HOMEOWNERS ASSOCIATION FOR
RELIEF FROM THE AUTOMATIC STAY**

SYMPHONY MEADOWS HOMEOWNERS ASSOCIATION, a secured creditor, by and through its attorneys, by Ronald J. Kapustka, moves this Court pursuant to 11 U.S.C. Sec. 362, to modify the automatic stay heretofore entered in this cause, and in support states as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1334 and the general orders of the Northern District of Illinois.

2.      Venue is fixed in this Court pursuant to 28 U.S.C. §1409.

3.      This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

4.      On or about January 14, 2019, John March filed his Petition under Chapter 13 of the United States Bankruptcy Code.

NOTE:   Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt
        collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CSYM001\61124\4045938.v1-9/3/19

5.      Creditor and Movant, Symphony Meadows Homeowners Association ("Association") is incorporated under the laws of the State of Illinois as a non-for-profit corporation and is charged with the authority to administer the subject premises pursuant to the Declaration for the Association (hereinafter referred to as "Declaration"), duly recorded with the office of the Recorder of Deeds.

6.      Debtor is the legal owner of the property commonly known as 364 Minuet Circle, Volo, Illinois which is subject to the terms and conditions of the Declaration.

7.      The Declaration gives the Association the right to collect assessments from owners such as the Debtors herein and to maintain eviction actions and to recover attorneys' fees and costs from owners who fail to stay current on their assessments. Unpaid assessments are a lien on the property pursuant to the terms of the Declaration.

8.      The Debtor has defaulted with respect to his obligations pursuant to the terms of the Declaration and that he has failed to pay assessments and common expenses as required pursuant to the terms of the Declaration. As of the date hereof, there is due and owing to the Association a pre-petition amount in the sum of $110.00 (Minus any payments made by the Trustee) and a post-petition amount in the sum of $1,602.50 in assessments, fees, and costs through September 3, 2019 as evidenced by the Statement of Default filed herewith.

9.      That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C.§362 of the Bankruptcy Code upon Debtor(s) filing the instant case.

NOTE:   Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CSYM001\61124\4045938.v1-9/3/19

10.     That although the Debtor was indebted to the Association at the time of filing the

instant bankruptcy case, the Debtor failed to list the Association in the bankruptcy schedules thus

resulting in the Association receiving no notice of the bankruptcy filing.

11.     Consequently, the Association was not able to file its Proof of Claim for its

secured, pre-petition claim nor was the Association able to file its Objection to Confirmation of

the Plan.

12.     Further, the Debtor has made **NO** post-petition assessment payments to the

Association.

13.     As a result of the above, the Association lacks adequate protection of its interest

in the subject property for the reason that the Debtor has not made timely monthly assessments

payments due under the Declaration as required.

14.     Upon information and belief, the Debtor continues to enjoy the benefits of the

common elements and services provided by the Association without making any contribution to

the common expenses arising therefrom.

15.     If the Association is not legally permitted to proceed with its eviction complaint

and to protect its interest in the above-described property and to collect assessments post-

petition; as well as to file its lien on the property, it will suffer irreparable injury, loss and

damage, as will the other unit owners in the Association.

NOTE:   Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt
collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CSYM001\61124\4045938.v1-9/3/19

16.     This property is not necessary for an effective reorganization nor is it necessary to the bankruptcy estate.

17.     Pursuant to Debtor(s) Bankruptcy Schedules A & D, there is no equity in the property as the current market value is $265,757.00 and the amount of secured claims is $283,583.73;

18.     This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and creditor requests this Court so order.

**WHEREFORE**, Symphony Meadows Homeowners Association  prays that upon final hearing of this Motion, the Stay pursuant to 11 U.S.C. Sec. 362 be modified so as to permit the Association to proceed and file its eviction action and/or to enforce its Order for Possession previously granted in its eviction action, and to file its lien on the property, and to proceed against the Debtors to collect pre and post-petition assessments and that Symphony Meadows Homeowners Association have such other and further relief as this Court deems just and equitable

SYMPHONY MEADOWS HOMEOWNERS
ASSOCIATION

By:     /s/ Ronald J. Kapustka
        Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CSYM001-61124)

NOTE:   Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt
          collector attempting to collect a debt and any information obtained will be used for that purpose.